UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- x

CHRISTOPHER RODRIGUEZ,

                               PLAINTIFF,                **COMPLAINT**

                                             **ECF CASE**

                    -AGAINST-

NEW YORK CITY, POLICE OFFICER OMAHONEY,
and POLICE OFFICER JOHN DOE, individually, and in
their capacity as members of the New York City Police
Department,

                                DEFENDANTS.

--------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1.  This is a civil action in which plaintiff Mr. Christopher Rodriguez ("Mr. Rodriguez")

    seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and

    Fourteenth Amendments to the United States Constitution.

2.  The claims arise from an incident on or about July 17, 2013, in which officers of the

    New York City Police Department ("NYPD"), acting under color of state law,

    intentionally and willfully subjected Mr. Rodriguez to *inter alia* false arrest and

    excessive force.

3.  Plaintiff seeks monetary damages (special, compensatory and punitive) against

    defendants and an award of costs and attorneys' fees, and such other and further relief

    as the Court deems just and proper.

**JURISDICTION**

4.  This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and

    Fourteenth Amendments to the United States Constitution.

5.  Venue is laid within the United States District Court for the Southern District of New

    York in that the events giving rise to the claim occurred within the boundaries of the

    Southern District of New York.

**PARTIES**

6.  Plaintiff, Mr. Rodriguez, is an 18-year-old citizen of the United States and at all times

    here relevant resided at 1000 Trinity Avenue, Apartment 14A, Bronx, NY 10456.

7.  New York City is a municipal corporation organized under the laws of the State of

    New York.

8.  Police Officer Daniel Omahoney ("PO Omahoney") and Police Officer John Doe

    ("PO Doe"), at all times here relevant were members of the NYPD, and are sued in

    their individual and professional capacities.

9.  At all times mentioned, defendants were acting under color of state law, under color

    of the statutes, ordinances, regulations, policies, and customs and usages of the City

    of New York.

**FACTUAL ALLEGATIONS**

10. Mr. Rodriguez is a student at Malhaven Community High School.

11. On or about July 17, 2013, Mr. Rodriguez visited an Urban Outfitters store in Union

    Square, Manhattan.

12. Mr. Rodriguez was with a small group of friends.

13. One of Mr. Rodriguez's female friends was accused of shop lifting by a store detective.

14. Mr. Rodriguez waited outside the store while his friend was held inside.

15. Police Officers then arrived and entered the store.

16. Shortly thereafter, Police Officers emerged from the store with Mr. Rodriguez's friend in handcuffs.

17. PO Omahoney and PO John Doe then approached Mr. Rodriguez.

18. PO Omahoney and PO John Doe asked to search Mr. Rodriguez's bag.

19. Mr. Rodriguez had nothing illegal in his bag.

20. Mr. Rodriguez did not consent to the search.

21. PO Omahoney and PO John Doe then grabbed Mr. Rodriguez.

22. Mr. Rodriguez was terrified and tried to free himself from the police officers.

23. Mr. Rodriguez managed to free himself and tried to run to safety.

24. PO Omahoney and PO John Doe grabbed Mr. Rodriguez and tackled him to the floor.

25. PO Omahoney and PO John Doe proceeded to push Mr. Rodriguez's face against the sidewalk.

26. PO Omahoney and PO John Doe cuffed Mr. Rodriguez behind his back.

27. PO Omahoney and PO John Doe picked Mr. Rodriguez off the ground and punched him in his back.

28. PO Omahoney and PO John Doe racially abused Mr. Rodriguez.

29. PO Omahoney and PO John Doe placed Mr. Rodriguez in the police car along with his female friend.

30. PO Omahoney and PO John Doe slammed the car door on Mr. Rodriguez's ankle.

31. Mr. Rodriguez was taken to the 6th Precinct and held in a cell.

32. Mr. Rodriguez's friend was given food and released.

33. Mr. Rodriguez was not given any food and was held overnight.

34. On or about July 18, 2013, Mr. Rodriguez was taken to Central Bookings and charged with Obstruction of Governmental Administration, Resisting Arrest, Disorderly Conduct and Harassment.

35. Mr. Rodriguez had to return to court on several occasions.

36. All charges against Mr. Rodriguez were dismissed.

37. Mr. Rodriguez continues to feel traumatized by the events of July 2013, and is wary and fearful when he sees police officers.

38. Mr. Rodriguez takes efforts to avoid police officers when in public.

39. Mr. Rodriguez suffered physical injuries as a result of this incident, including *inter alia* cuts, scrapes, bruising and scaring to his face, neck, torso, back, elbow and wrist.

40. Mr. Rodriguez suffered following the incident and feels fear, embarrassment, humiliation, emotional distress, frustration, anxiety, and loss of liberty.


**FIRST CAUSE OF ACTION**

(42 USC 1983 – False Arrest)

41. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

42. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

43. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendants.

44. Defendants confined plaintiff.

45. Plaintiff was aware of, and did not consent to, his confinement.

46. The confinement was not privileged.

47. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.


**SECOND CAUSE OF ACTION**

(42 USC 1983 – Excessive Force)

48. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

49. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

50. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants used excessive and unreasonable force in effecting the arrest of plaintiff.

51. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## THIRD CAUSE OF ACTION

### (42 USC 1983 – Malicious Prosecution)

52. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

53. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

54. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was maliciously prosecuted by defendants.

55. The malicious prosecution was initiated by defendants without legal justification and without probable cause, in that defendants caused the commencement and continuation of criminal proceedings against plaintiff, the proceedings terminated in favor of plaintiff, and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights.

56. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.


## FOURTH CAUSE OF ACTION

### (42 USC 1983 –Denial of Right to a Fair Trial)

57. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

58. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

59. Defendants have deprived plaintiff of his right to a fair trial, pursuant to the Fifth and Sixth Amendments to the United States Constitution.

60. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in Plaintiff suffering a deprivation of liberty and a violation of his rights.

61. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## JURY DEMAND

62. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of plaintiff's causes of action;

Awarding plaintiff punitive damages in an amount to be determined by a jury;

Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated:        New York, New York
              July 14, 2014

                              By:    _____/s/_____
                                     Duncan Peterson (DP 7367)

                                     PetersonDelleCave LLP
                                     Attorney for Plaintiff
                                     233 Broadway, Suite 1800
                                     New York, NY 10279
                                     (212) 240-9075